#### IN THE UNITED STATES DISTRICT COURT
#### SOUTHERN DISTRICT OF TEXAS
#### VICTORIA DIVISION

| | |
|---|---|
| **INEZ PERRY INDIVIDUALLY AND** § | |
| **OBO PEARLIE WHITE, DECEASED** § | |
| § | |
| **v.** § | **CA NO. 6:23-CV-00018** |
| § | |
| **MINNESOTA LIFE INSURANCE** § | |
| **COMPANY** § | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, INEZ PERRY INDIVIDUALLY AND OBO PEARLIE WHITE, DECEASED, Plaintiff herein, complaining of Defendant MINNESOTA LIFE INSURANCE COMPANY and for their cause of action, Plaintiff would respectfully show this Honorable Court the following:

### I. DESIGNATED SERVICE EMAIL ADDRESS

1.1   The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to TEX. R. Civ.P.21(f)(2) and 21(a): wwatson@ccatriallaw.com, rkubik@ccatriallaw.com. As such, these are the ONLY electronic email addresses and undersigned counsel does NOT accept service through any other email address but requests a copy of all electronically served documents and notices, filed and unfiled be sent to danderson@ccatriallaw.com and/or scarrigan@ccatriallaw.com.

## II. DISCOVERY CONTROL PLAN

2.1     Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery.  Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of its suit.

## III.     JURISDICTION & VENUE

3.1     The Court has jurisdiction over this lawsuit under 28 U.S.C. 1332 (a)(1) because the amount in controversy exceeds $75,000, excluding interest and costs. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Plaintiff is an individual residing in Victoria County, Texas. The Defendant herein is a citizen and/or corporation of the State of Minnesota.

3.2     Venue in the United States District Court for the Southern District of Texas Victoria Division is proper pursuant to 28 U.S.C. § 1391(a)(2) in that all or a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas.  The subject incident occurred in Victoria County, Texas.

3.3     Defendant's contacts with the State of Texas, and in the Southern District are continuous and systematic, such that the court has general personal jurisdiction over Defendant.

3.4     Defendant's liability in this case arises from and is related to a life insurance policy claim that occurred in Victoria County, Texas on or about February 5, 2022.

3.5    The Court's exercise of personal jurisdiction over Defendant comports with due process.

3.6    Defendant is deemed to reside in the Southern District of Texas pursuant to 28 U.S.C. 1391(c) in that they regularly conduct business and are subject to personal jurisdiction in the Southern District of Texas in particular, Victoria Division.

## IV.  PARTIES

4.1     Plaintiff INEZ PERRY who brings this suit on their own behalf resides in VICTORIA County.

4.2    Defendant MINNESOTA LIFE INSURANCE COMPANY is a foreign insurance company engaging in the business of insurance in the State of Texas. This defendant may be served via certified mail returned receipt requested, by serving its Registered Agent, CORPORATION SERVICE COMPANY at 211 E. 7TH ST., STE 620, AUSTIN, TX 78701-3218. No citation is requested as this Defendant has made an appearance in this lawsuit.

## V. FACTS

5.1    Plaintiff, INEZ PERRY is the owner of a MINNESOTA LIFE INSURANCE COMPANY Policy number 405291-G-US278 (hereinafter referred to as "the Policy"), which was issued by MINNESOTA LIFE INSURANCE COMPANY.

5.2    MINNESOTA LIFE INSURANCE COMPANY sold the Policy insuring PEARLIE WHITE.

5.3     Deceased Plaintiff PEARLIE WHITE purchased a life insurance policy from Defendant MINNESOTA LIFE INSURANCE COMPANY naming the beneficiary as Plaintiff INEZ PERRY. The life insurance policy included a $300,000.00 payment in the event of the accidental death of PEARLIE WHITE. Unfortunately, on February 5, 2022, PEARLIE WHITE passed away due to an accidental fall causing right-sided chest trauma and pneumothorax as per Dr. Shah N. Afridi, M.D., P.A. memo and Amendment to Medical Certification of Certificate of Death.  Despite the fact that the Defendant MINNESOTA LIFE INSURANCE COMPANY has been notified of this Amendment and therefore covered cause of loss, Defendant refuses to acknowledge and provide coverage as required by the Policy and continues to misrepresent this issue as non-accidental death. Furthermore, Defendant has undertaken no investigation at all to support its denial of coverage under the Policy. Last, Defendant has refused to provide Plaintiff with written documentation regarding its claims decision and support thereof.

5.4     Although demand was properly made for the life insurance payout, Defendant MINNESOTA LIFE INSURANCE COMPANY refuses to acknowledge the death of PEARLIE WHITE as an accidental death and continues to refuse to make said payment to PEARLIE WHITE's daughter, Plaintiff INEZ PERRY, thus necessitating this suit.

5.5     The claim number assigned by MINNESOTA LIFE INSURANCE COMPANY is 1634138.

## VI.   CAUSES OF ACTION:

## CAUSES OF ACTION AGAINST MINNESOTA LIFE INSURANCE COMPANY

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

6.1   Defendant MINNESOTA LIFE INSURANCE COMPANY is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

6.2   Defendant MINNESOTA LIFE INSURANCE COMPANY's conduct constitutes a breach of the insurance contract made between MINNESOTA LIFE INSURANCE COMPANY and Plaintiff.

6.3   Defendant MINNESOTA LIFE INSURANCE COMPANY's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of MINNESOTA LIFE INSURANCE COMPANY's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

6.4   Defendant MINNESOTA LIFE INSURANCE COMPANY's conduct as described in 5.3 and 5.4 above constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

6.5     Defendant MINNESOTA LIFE INSURANCE COMPANY's unfair settlement practice, as described in 5.3 and 5.4 above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

6.6     Defendant MINNESOTA LIFE INSURANCE COMPANY's unfair settlement practice, as described in 5.3 and 5.4 above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though MINNESOTA LIFE INSURANCE COMPANY's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

6.7     Defendant MINNESOTA LIFE INSURANCE COMPANY's unfair settlement practice, as described in 5.3 and 5.4 above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

6.8     Defendant MINNESOTA LIFE INSURANCE COMPANY's unfair settlement practice, as described in 5.3 and 5.4 above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of

rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

6.9 Defendant MINNESOTA LIFE INSURANCE COMPANY's unfair settlement practice, as described in 5.3 and 5.4 above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
THE PROMPT PAYMENT OF CLAIMS**

6.10 Defendant MINNESOTA LIFE INSURANCE COMPANY's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

6.11 Defendant MINNESOTA LIFE INSURANCE COMPANY's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described in 5.3 and 5.4 above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

6.12 Defendant MINNESOTA LIFE INSURANCE COMPANY's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

6.13 Defendant MINNESOTA LIFE INSURANCE COMPANY's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

6.14 Defendant MINNESOTA LIFE INSURANCE COMPANY's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

6.15 Defendant MINNESOTA LIFE INSURANCE COMPANY's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time MINNESOTA LIFE INSURANCE COMPANY knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### VII. KNOWLEDGE

7.1 Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's claim described herein.

### VIII. DAMAGES

8.1 Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the Plaintiff's claim.

      a.) Policy amount of $300,000.00;

    b.) Attorney fees;

    c) Cost of litigation; and

    d.) Pre-suit and post judgment as allowed for by law.

  8.2 For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

  8.3 For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

  8.4 For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

  8.5 For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

  8.6 For the prosecution and collection of its claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and

necessary services of Plaintiff's attorney in the preparation and trial of its action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### IX. JURY DEMAND

9.1    Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in VICTORIA County, Texas.

### X. PRAYER

10.1    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of its case, for all costs of Court on its behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself justly entitled.   In accordance with Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief over $250,000 not more than $1,000,000.

        Respectfully submitted,
        CARRIGAN & ANDERSON, PLLC

        BY:/s/**David M. Anderson**
        David M. Anderson
        Federal I.D. No. 985644
        State Bar No. 24064815
        101 N. Shoreline Blvd., Suite 420
        Corpus Christi, Texas 78401
        361-884-4433 – Telephone
        361-884-4434 – Facsimile
        danderson@ccatriallaw.com

        Legal assistant: wwatson@ccatriallaw.com
        Legal assistant: rkubik@ccatriallaw.com
        Legal assistant: egutierrez@ccatriallaw.com

        ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with Defendant's counsel of record regarding Plaintiff's First Amended Complaint. As such, Defendant's counsel is unopposed.

        */s/ David. M. Anderson*
        David M. Anderson

## CERTIFICATE OF SERVICE

On this day 4TH of March, 2023, a true and correct copy of the foregoing document was served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

Ryan K. McComber
ryan.mccomber@figdav.com
Dwayne I. Lewis, II
dwayne.lewis@figdav.com
FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202

        */s/ David M. Anderson*
        David M. Anderson